1
2
3
4
5
6
7

**IN THE UNITED STATES DISTICT COURT FOR**
**THE WESTERN DISTRICT OF WASHINGTON**

8
9

SEAN MICHAEL LANDRY,

No.

                              Plaintiff,

10

COMPLAINT

        v.

11

*With Jury Demand*

12

MARK THOMAS, a Marysville City Jail
Commander, JANE DOE THOMAS, and the

13

marital community comprised thereof; CHRIS
JONES, a Marysville City Jail Sergeant, JANE

14

DOE JONES, and the marital community
comprised thereof; JOHN DOE JAIL

15

OFFICERs 1-50, Marysville City Jail Officers,
JANE DOE JAIL OFFICERS 1-50, and the

16

martial communities comprised thereof;

17

MARTIN MCFALLS, Marysville Fire District
Fire Chief, JANE DOE MCFALLS, and the

18

marital community comprised thereof; JEFF
COLE, Marysville Fire District Deputy Fire

19

Chief, JANE DOE COLE, and the marital
community comprised thereof; TOM

20

MALONEY, Marysville Fire District Deputy
Fire Chief, JANE DOE MALONEY, and the

21

marital community comprised thereof;

22

DARRYL NEUHOFF, Marysville Fire
District Deputy Fire Chief, JANE DOE

23

NEUHOFF, and the marital community
comprised thereof; JOHN DOE

24

EMERGENCY MEDICAL TECHNICIAN 1-
5, Marysville Fire District Emergency Medical

25
26

COMPLAINT  - Page 1

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

Technicians, JANE DOE EMERGENCY
MEDICAL TECHNICIAN 1-5, and the
marital communities comprised thereof;
MARYSVILLE FIRE DISTRICT, a local
government entity; and CITY OF
MARYSVILLE, a municipal corporation,

Defendants.

COMES NOW the Plaintiff, Sean Landry, through his attorneys of record, Kannin Law Firm P.S., and hereby presents the following claims:

**JURISDICTION**

1.

Jurisdiction is founded upon the existence of a federal question.

2.

This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the Plaintiff by the Eighth, and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983).

3.

Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(3) and (4).

4.

Venue is proper in the United States District Court of the Western District of Washington because the acts or omissions which for the basis of the Plaintiff's claims occurred in Marysville, Snohomish County, Washington, and the Defendants reside in Washington State

5.

At all times relevant to this complaint, Plaintiff was an individual residing in Edmonds, Snohomish County, Washington.

COMPLAINT  - Page 2

6.

At all times referred to herein, Defendant MARK THOMAS, City of Marysville Jail Commander, was employed by Defendant City of Marysville and its Jail as the commander of the City of Marysville Jail and is believed to have been the supervising and commanding officer of Defendant CHRIS JONES, City of Marysville Jail Sergeant and Defendants JOHN DOE JAIL OFFICERS 1-50.

7.

At all times referred to herein, Defendant CHRIS JONES, City of Marysville Jail Sergeant, was employed by Defendant City of Marysville and its Jail as a Sergeant and is believed to have been the supervising and commanding officer of Defendants JOHN DOE JAIL OFFICERS 1-50 also employed by Defendant City of Marysville as Officers at the City jail.

8.

At all times referred to herein, Defendant MARTIN MCFALLS, Marysville Fire District Fire Chief, was employed by Defendant Marysville Fire District and its Marysville Fire Department as the Fire Chief of Marysville Fire Department and is believed to have been the supervising and commanding officer of Defendants JEFF COLE, Marysville Fire District Deputy Chief, TOM MALONEY, Marysville Fire District Deputy Chief, DARRYL NEUHOFF, Marysville Fire District Deputy Chief, and JOHN DOE EMERGENCY MEDICAL TECHNICIAN 1-5.

9.

At all times referred to herein, Defendants JEFF COLE, Marysville Fire District Deputy Chief, TOM MALONEY, Marysville Fire District Deputy Chief, DARRYL NEUHOFF, Marysville Fire District Deputy Chief, were employed by Defendant Marysville Fire District and

COMPLAINT  - Page 3

its Marysville Fire Department as Deputy Fire Chiefs of Marysville Fire Department and are believed to have been the supervising and commanding officer of Defendants JOHN and JANE DOE EMERGENCY MEDICAL TECHNICIANS 1-5 were also employed by the Defendant Marysville Fire District.

10.

Plaintiff sues all individual Defendant City of Marysville Jail employees, Defendant John Doe Jail Officers 1-50, and Jail Supervising Officers  Jail Commander Mark Thomas, Jail Supervising Sergeant Chris Jones, and City Of Marysville Fire District Emergency Medical Technicians (EMTs) 1-5  in their individual capacities and sues the supervisory/municipal defendants City of Marysville, Marysville Fire District, Jail Commander Mark Thomas, Jail Supervising Sergeant Chris Jones, Fire Chief Martin McFalls, Deputy Fire Chief Jeff Cole, Deputy Fire Chief, Deputy Fire Chief Tom Maloney, and Deputy Fire Chief  Darryl Neuhoff in their  official capacities. At all times relevant to this complaint the Defendants were acting within the scope of their employment for Defendants City of Marysville and/or Marysville Fire District and, along with Defendant municipal corporations City of Marysville and Marysville Fire District, at all times alleged to be  acting under color of Washington state law.

### **FACTS**
11.

On December 13, 2018, Plaintiff Landry was arrested on suspicion of shoplifting at the Walmart store in Arlington, Washington. The arresting police officers transported Plaintiff Landry to the City of Marysville Jail, where he was booked in on the evening of December 13, 2018.

COMPLAINT  - Page 4

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

12.

The next day, December 14, 2018, Plaintiff Landry began experiencing severe headaches and felt very unwell. He reported that his head hurt so bad and  was so painful that he had never in his life felt anything like the headache that he was having at the Marysville Jail. Plaintiff also reported that he felt weak, nauseous, and dizzy. Plaintiff reported his illnesses and physical condition to the Marysville Jail Officer on duty. The jail officer gave Landry an Ibuprofen pill. The over- the counter Ibuprofen medicine did not alleviate Landry's headache, pain, weakness and dizziness. Landry followed the Jail officer's instructions, and attempted to go to sleep in his cell block bed.

13.

When Landry woke up on the morning of December 15, 2018, his physical condition had worsened.  Landry's headache pain had gotten worse. Plaintiff Landry felt dizzy, weak, and unsteady when he tried to get up and out of bed. Landry thought he was going to faint or pass out trying to get out of his bed in the cell block at the Marysville jail where he was incarcerated. Plaintiff Landry also noticed that he was having difficulty seeing. His vision was impaired, and he thought he was going blind. Plaintiff Landry reported all these symptoms of illness or injury to the Marysville Jail officer on duty. Plaintiff Landry told the Marysville Jail Officer that he was feeling extremely un-well , was dizzy, weak through his body, felt unsteady standing up,  that he was having problems with his vision, couldn't completely see out of  his left eye and his right eye, and  he thought he was going blind.   He also told the Marysville Jail Officer that he had an extremely painful headache, like none that he had ever felt in his life, that he was feeling dizzy,

COMPLAINT  - Page 5

KANNIN LAW FIRM P.S.
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

and thought he was going to faint or pass out. The Marysville Jail Officer ignored Plaintiff Landry's reported illnesses. The jail officer told Landry that a visitor had arrived at the Marysville Jail to see Landry. Plaintiff Landry had to extend his arm out onto the wall to steady himself before he left his cell block area where he was housed. Landry's head hurt, he was in extreme pain, and his vision was impaired as left his cell and went to the visitor's area of the Marysville Jail where he met the visitor. The visit ended sometime after 12 noon on Saturday December 15, 2018

14.

After the visit was over a Marysville Jail Officer took Plaintiff Landry back to his cell block where he was housed in the Marysville Jail. All through the visit Landry's head was spinning, he felt dizzy, his headache pain intensified and his eyesight further deteriorated until he was almost blind in his left eye.. When Landry stood up from the chair he was sitting in, at the Jail visitor' area, Landry almost felt down. The Marysville Jail Officer that came to get him from the visitor area saw Landry holding myself up and asked Landry if he was alright. Landry told the Marysville Jail Officer what he had told the Jail Officer earlier, that he felt extremely weak, dizzy and felt like he was going blind because he could not see out of this left eye and that he had an intense, painful headache like none he had ever had before. The Marysville Jail Officer told Landry to go to his bunk in his cell block and lay down. The Marysville Jail Officer also told Landry that he would tell the other Marysville Jail Officer on duty that night that Landry was not feeling well.

15.

About an hour later a Marysville Jail Officer came to Landry's cell and told Landry to go to the Jail Officers' desk area and talk with the Marysville Jail Officer on duty there. Plaintiff

COMPLAINT - Page 6

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Landry followed the Marysville Jail Officer's instructions.    When Landry arrived at the Jail Officers' desk area, the Jail Officer on duty  asked Landry  what was going on with his physical health. Plaintiff Landry told the Marysville Jail Officer, reporting his illness/injuries for the third time, Lamndry told the jail officer on dity that he was extremely dizzy, had trouble standing up, was experiencing muscle weakness, had a very severe and painful headache,  had lost his eyesight in his left eye, was losing his eyesight in his right eye, generally  felt physically terrible, and that something was wrong, he was physically very ill. Next another  Marysville Jail Officer showed up, with Landry's  mattress from his cell. The  Marysville Jail Officer told Landry to go to  the hole (solitary confinement) and lay down. The Jail Officer told Landry that since Landry reported feeling dizzy, was having balance problems, and was not able  stand on his own or maintain his  balance, that the Marysville Jail's solitary confinement cell was safer for Landry because it was padded, and , that if Landry  fell  there would not be anything hard in the solitary confinement cell for Landry to hit and further injure himself. After Plaintiff Landry reported his illnesses, symptoms and medical emergency to the Marysville Jail Officer, according to the Officer , the Jail's solitary confinement room is safer for a sick man like Landry because it's a padded holding cell.  Plaintiff Landry asked the Marysville Jail Officer if he could please see a medical doctor before going to solitary confinement. Landry further told the Marysville Jail Officers that there was something seriously wrong with him, he was having an intense and extremely painful headache, felt  extremely dizzy, was not able to walk normally, could not keep his  balance, could not see, and was further losing his eyesight. The Marysville Jail Officer denied Plaintiff Landry's requests for medical attention, took Plaintiff Landry  to the solitary confinement cell and put Landry into the cell later in the afternoon on December 15, 2018.

COMPLAINT  - Page 7

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

16.

Plaintiff Landry fell asleep in the solitary cell and woke sometime later afterbeing passed our or asleep in the holding cell for approximately six hours.  Plaintiff Landry's physical condition  deteriorated. He was feeling extremely ill. He pounded on the door of the solitary confinement cell until a Marysville Jail Officer appeared outside Landry's cell door. Landry asked the Jail Officer why there was no response to Landry's earlier request for medical assistance, maade hours earlier that night.  Landry  had told the Marysville Jail Officers that there was something seriously physically wrong with him, he was having an intense and extremely painful headache, felt  extremely dizzy, was not able to walk normally, could not keep his  balance, could not see, and was further losing his eyesight. The Marysville Jail Officer  was dismissive, mocked Landry, and left without further responding to  Landry's request for medical assistance.

17.

Sometime later that night several Emergency Medical Technicians ("EMT") from the City of Marysville Fire District came to the City of Marysville Jail to examine Plaintiff Landry. Plaintiff Landry  told the Marysville Fire District EMTs (Defendant John and Jane Doe EMTs 1 –5 ) what he and previously old the Defendant Marysville Jail Officers.   There was something seriously physically wrong with Landry, he was having an intense and extremely painful headache, felt  extremely dizzy, felt nauseous, was not able to walk normally, could not keep his balance, , could not see, and was further losing his eyesight. The Defendant Marysville Fire District EMTs examined Plaintiff Landry. At the end of their    approximately fifteen-minute exam the Marysville Fire District EMTs told Landry that he was ok, his physical health  was

COMPLAINT  - Page 8

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

fine, and that he should be sent back to bed in his cell. The Marysville Jail Officers put Plaintiff Landry back in his cell.

18.

The next day, on or about December 16, 2018, one of the Defendant Marysville Fire District EMTs returned to the Marysville Jail to perform a follow-up physical exam of Plaintiff Sean Landry. Upon completing this second physical exam the Marysville Fire District EMT instructed the Marysville Jail Officers that Plaintiff Landry was seriously ill, needed medical attention, and that Landry needed to go the hospital to get the medical attention that he needed. The Marysville Jail Officers took Plaintiff Landry out of the Marysville Jail to the parking lot outside where a police car was waiting. A city of Arlington police officer drove Plaintiff Landry to the Cascade Valley Hospital in Arlington, Washington.

19.

When Plaintiff Landry arrived at the Cascade Valley Hospital on December 16, 2018, he was checked into the hospital emergency room (ER) and handcuffed to a hospital bed. Sometime later doctors at the hospital ER told Landry that he had suffered a series of ischemic strokes in the days he was at the Marysville jail. Landry's doctors further told him that he had experienced an illness called atrial fibrillation. The doctors informed Landry that the strokes occurred because of atrial fibrillation caused blood clots, which traveled from Landry's heart to his brain, where the clots blocked the blood flow to Landry's brain, causing the strokes. This illness required immedite medical treatment. It all occurred when Plaintiff Landry was a prisoner in custody at the City of Marysville Jail. Plaintiff Landry reported to the Marysville Jail Officers that he was very seriously ill however no one at the jail helped or responded in time. Landry was admitted to the Hospital's Intensive Care Unit (ICU). He was in the hospital for

COMPLAINT  - Page 9

days. The doctors and staff at the Cascade Valley Hospital did their best to treat Plaintiff

Landry's stroke, however the medical intervention came too late.

20.

As a direct result of the lack of mdical care and delay in medical care provided to

Plaintiff Landry, when he was in custody at the jail, owned and operated by the Defendant City

of Marysville, the effects of the  ischemic strokes Plaintiff  suffered when he was a prisoner at

the jail, were substantially worsened.  Because of the delay in treating Landry's strokes,  Landry

now has a permanent vision loss in his left eye and  right eye, brain damage/memory loss, on-

going medical care,   permanent problems with his balance and gait, and permanently impaired

cognitive function.

21.

Defendant John Doe Jail Officers 1-50, and Jail Supervising Officers  Jail Commander

Mark Thomas, Jail Supervising Sergeant Chris Jones, accepted Plaintiff LANDRY  into the City

of Marysville Jail. At the jail, Plaintiff Landry made several reports to Defendant John Doe Jail

Officers 1-50, and directly or indirectly to the Jail Supervising Officers  Jail Commander Mark

Thomas, and Jail Supervising Sergeant Chris Jones, in which Plaintiff Landry  reported that he

was having  severe headaches,  he felt weak, nauseous, and dizzy, he could not maintain his

balance when standing up- that he lost his eye sight in his left eye and thought that he was going

blind in both eyes.  Plaintiff reported his illnesses and deteriorating physical condition to the

Marysville Jail Officers on duty.   Defendant John Doe Jail Officers 1-50, and Jail Supervising

Officers  Jail Commander Mark Thomas, and Jail Supervising Sergeant Chris Jones, are believed

to have reviewed Plaintiff Landry's reported illnesses after he was taken   into the custody at the

City of Marysville Jail and to have approved Plaintiff Landry to be kept at the jail without

COMPLAINT  - Page 10

1   adequate medical screening , without being examined by medical doctors or taken to a hospital
2   and  to be housed in a padded cell instead of being given medical attention for his illnesses  he
3   presented with at the Marysville Jail.

4

5                                    22.

6          At the City of Marysville Jail Plaintiff LANDRY's physical condition and illnesses
7   worsened while he was incarcerated. Plaintiff continued to request   help and/or medical
8   attention and to be seen by a physician. City of Marysville Jail personnel, including defendants
9   Defendant John Doe Jail Officers 1-50, and Jail Supervising Officers  Jail Commander Mark
10  Thomas, Jail Supervising Sergeant Chris Jones, and Marysville Fire District John/Jane Does
11  EMTS  1-5 are believed to have heard or knew of Plaintiff's requests and ignored them.  Plaintiff
12  LANDRY asked repeatedly for medical assistance because of  the extreme pain and distress he
13  was experiencing at the jail.  Paintiff was eventually released from the City of Marysville Jail on
14  or about  December 16, 2018 only  after one of the Marysville Fire District Defendant J. Doe
15  EMTs returned to examine Plaintiff Landry a full day after the Defendant EMT first examined
16  Plaintiff Landry at the jail. After this second exam the EMT decided Plaintiff Landry needed
17  immediate medical attention which was not available at the Marysville Jail.

18                                   23.

19         After Plaintiff LANDRY was discharged from the Cascade Valley hospital, Plaintiff's
20  physicians continued to provide medical treatment to Plaintiff. Plaintiff's physicians also
21  diagnosed Landry with two strokes and atrial fibrillation that was worsened as a direct result of
22  the Defendants' acts and failures to act. Plaintiff Landry underwent a painful course of physical
23  therapy that caused him to further suffer as a direct result of the Defendants' acts and failures to
24  act.  Plaintiff 's cognitive and speech functions were impaired, and he underwent additional

25
26       COMPLAINT  - Page 11

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

1   medical treatment. Plaintiff is permanently partially disabled as a direct result of the Defendants'

2   acts and failures to act.

3                                      24.

4          On December 14, 2018, defendant MARK THOMAS was the Commander of the City

5   of Marysville Jail and as the Commanding Jail officer he was the supervising officer of

6   Defendant Jail Supervising Sergeant Chris Jones and Defendants Marysville Jail Officers John

7   Doe's 1- 50 who are believed to have responded and/ or failed to respond to Plaintiff Landry's

8   requests for medical assistance when he was a prisoner at the Defendant City of Marysville's

9   Jail. Defendant MARK THOMAS was City of Marysville employee responsible for training and

10  supervising defendants Jail Supervising Sergeant Chris Jones and Defendants Marysville Jail

11  Officers John Doe's 1- 50 was the City of Marysville employee responsible for ensuring

12  defendants Defendant Jail Supervising Sergeant Chris Jones and Defendants Marysville Jail

13  Officers John Doe's 1- 50 were adequately and lawfully trained and supervised when carrying

14  out their duties on behalf of the Defendant City of Marysville.

15                                     25.

16         On December 14, 2018, Defendant Fire Chief Martin McFalls was the Chief of the

17  Marysville Fire District, as Chief he was supervising officer of Defendants Deputy Fire Chief

18  Jeff Cole, Deputy Fire Chief, Deputy Fire Chief Tom Maloney, and Deputy Fire Chief Darryl

19  Neuhoff and Marysville Fire District Emergency Medical Technicians (EMTs) 1-5 who are

20  believed to have responded an/ or failed to respond to Plaintiff Landry's requests for medical

21  assistance when he was a prisoner at the Defendant City of Marysville's Jail. Defendant Fire

22  Chief Martin McFalls was the Marysville Fire District, employee responsible for training and

23  supervising Defendants Deputy Fire Chief Jeff Cole, Deputy Fire Chief, Deputy Fire Chief Tom

COMPLAINT  - Page 12

Maloney, and Deputy Fire Chief  Darryl Neuhoff and  City Of Marysville Fire District
Emergency Medical Technicians (EMTs) 1-5 and  was the Marysville Fire District employee
responsible for ensuring defendants Defendant Deputy Fire Chief Jeff Cole, Deputy Fire Chief,
Deputy Fire Chief Tom Maloney, and Deputy Fire Chief  Darryl Neuhoff and  Marysville Fire
District Emergency Medical Technicians (EMTs) 1-5 were adequately and lawfully trained and
supervised when carrying out their duties on behalf of the Defendant Marysville Fire District.

26.

The Marysville Defendants caused Plaintiff Landry to suffer painful disabling injuries to
his person/body that required the expenditure of money for medical care and treatment of his
injuries. The Marysville Defendants' acts and failures to act caused Plaintiff Landry to suffer
serious permanent disabling injuries. Plaintiff Landry underwent medical treatment for his
injuries. Plaintiff Landry anticipates additional medical treatment to be necessary for his injuries
caused by the Marysville Defendants' acts and failures to act. Plaintiff Landry's injuries were
and are painful, permanent, disabling, and disfiguring. Plaintiff Landry continues to suffer from
his injuries caused by the Marysville defendants.

27.

The Marysville defendants caused Plaintiff Landry to lose wages and income as a direct
and proximate result of the injuries they caused him to suffer. The Marysville Defendants' acts
and failures to act impaired Plaintiff Landry' ability to earn wages. As a direct result Plaintiff
Landry anticipates future lost wages caused by the Marysville Defendants' acts and failures to
act.

COMPLAINT  - Page 13

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

28.

Defendant Chief Thomas is believed to be defendant municipal corporation City of Marysville's chief policy maker regarding implementing the City of Marysville Jail's policies, practices and customs. He is further believed to be defendant City of Marysville's representative who ultimately approved, and/or ratified the other defendants' medical response to Plaintiff Landry illness at the City of Marysville Jail. Defendant Chief Thomas is further believed to be Defendant municipal corporation City Marysville's chief policy maker regarding implementing the City of Marysville Jail's policies, practices and customs for providing medical treatment and follow-up care for prisoners at the jail. In determining and implementing the Marysville City Jail's policies, he is believed to rely upon the assistance of, and policy making, development and implementation of Defendants City Marysville jail supervisory employees Sergeant Chris Jones, and Marysville Fire District employees Fire Chief Martin McFalls, Deputy Fire Chief Jeff Cole, Deputy Fire Chief, Deputy Fire Chief Tom Maloney, and Deputy Fire Chief Darryl Neuhoff.

29.

Defendant Fire Chief Martin McFalls is believed to be Defendant Marysville Fire District's chief policy maker regarding implementing the Marysville Fire District's for responding to medical emergencies at the City of Marysville Jail and it policies, practices and customs for emergency medical care at the City jail.. He is further believed to be Defendant Marysville Fire District's representative who ultimately approved, and/or ratified the other defendants' medical response to Plaintiff Landry's illness at the City of Marysville Jail. Defendant Chief Martin McFalls is further believed to be Defendant Marysville Fire District's chief policy maker regarding implementing the Fire District' medical response, its policies,

COMPLAINT  - Page 14

KANNIN LAW FIRM P.S.
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

practices and customs,  for providing medical treatment and follow-up care for prisoners at the City of Marysville jail. In determining and implementing the M Defendant Marysville Fire District's policies,  Defendant Fire Chief Martin McFalls is believed to rely upon the assistance of, and policy making, development and implementation of Defendants City Marysville  jail supervisory employees Chief Thomas,  Sergeant  Chris Jones, and Marysville Fire District employees Deputy Fire Chief Jeff Cole, Deputy Fire Chief, Deputy Fire Chief Tom Maloney, and Deputy Fire Chief  Darryl Neuhoff.

30.

As a direct and proximate result of the said acts of the City of Marysville and Marysville Fire District Defendants and their employees named as Defendants, the Plaintiff Sean Landry suffered the following injuries and damages:

a. Violation of his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from a cruel and unusual punishment when a prisoner in custody at the City of Marysville Jail;

b. Physical pain and suffering requiring the expenditure of money for treatment;

c. Economic and non-economic damages incurred and expected to be incurred, in an amount to be established at trial.

31.

The actions of the Defendants   further violated the following clearly established and well-settled federal constitutional rights of Plaintiff Sean Landry:

a.       Denial of access to reasonable and necessary medical care and treatment after plaintiff became a prisoner in the custody of the Defendants.

b.       An unconstitutional policy, practice or custom that calls for sick and injured

COMPLAINT  - Page 15

1       prisoners to be held in a padded cell instead of being given medical treatment.

2

3    **FIRST CLAIM:  UNDER 42 U.S.C § 1983 AGAINST DEFENDANTS AGAINST DEFENDANTS CITY OF MARYSVILLE JAIL OFFICERS JOHN DOES 1 – 50; MARK THOMAS, Marysville City Jail Commander; CHRIS JONES, Marysville City Jail Sergeant; Marysville Fire District EMERGENCY MEDICAL TECHNICIAN (EMTs) JOHN and JANE DOES ALL IN THEIR INDIVIDUAL CAPACITIES  UNDER 42 U.S.C § 1983 FOR VIOLATION OF PLAINTIFF'S  EIGHTH AND FOURTEENTH AMENDMENT RIGHTS**
4
5
6    **(CRUEL AND UNUSUAL PUNISHMENT DELIBERATE INDIFFERENCE TO IN CUSTODY PLAINTIFF SEAN LANDRY'S MEDICAL CONDITIONS AND DENIAL OF MEDICAL TREATMENT AT THE CITY OF MARYSVILLE JAIL )**
7

8

9                                 32.

10   Plaintiff realleges paragraphs 1 through 31 above.

11                                 33.

12

13   At all times material herein, Defendants City of  Marysville Jail  Officers John Does 1 –

14   50, Mark Thomas Jail Commander, Chris Jones Marysville Jail Sergeant and Defendants

15   Marysville Fire District Emergency Medical Technicians (EMTs) 1-5, acting under color of state

16   law, had a duty to refrain from depriving Plaintiff Sean Landry of his constitutional rights under

17   the constitution of the United States of America.

18                                 34.

19   Marysville Defendants City of  Marysville Jail  Officers John Does 1 – 50, Mark

20   Thomas Jail Commander, Chris Jones Marysville Jail Sergeant and Defendants Marysville Fire

21   District Emergency Medical Technicians (EMTs) 1-5 breached the aforementioned duty to

22   refrain from depriving Plaintiff of his constitutional rights by deliberately withholding necessary

23   medical treatment from Plaintiff Landry, which constituted a violation of Plaintiff's clearly-

24   established rights under the Eighth and Fourteenth Amendments to the Constitution of the United

25   COMPLAINT  - Page 16

26

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

States,  to not cruelly punish or injure prisoners at the Marysville County Jail.

35.

At the time they breached their duties to Plaintiff, the  Defendants City of  Marysville Jail Officers John Does 1 – 50, Mark Thomas Jail Commander, Chris Jones Marysville Jail Sergeant and Defendants Marysville Fire District Emergency Medical Technicians (EMTs) 1-5 acted under color of law and were employed by or were agents of Defendant City of Marysville and/or Defendant  Marysville Fire District acting in their individual capacities.

36.

Plaintiff Landry claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants City of  Marysville Jail  Officers John Does 1 – 50, Mark Thomas Jail Commander, Chris Jones Marysville Jail Sergeant and Defendants Marysville Fire District Emergency Medical Technicians (EMTs) 1-5 for violation of his constitutional rights under color of law in an amount to be proven at trial.
.

37.

The conduct of the defendants was reckless and, or knowing, intentional, and malicious, by reason of which plaintiff is entitled to punitive damages.


**SECOND CLAIM: UNDER 42 U.S.C § 1983 AGAINST DEFENDANT CITY OF MARYSVILLE , DEFENDANT MARK THOMAS, IN HIS OFFICIAL CAPACITY AS CHIEF OF MARYSVILLE CITY JAIL AND CORRECTIONS,  &  DEFENDANT SERGEANT CHRIS JONES MARYSVILLE CITY JAIL AND CORRECTIONS SUPERVISING SERGEANT IN HIS OFFICIAL CAPACITY AS  SUPERVISORY SERGEANT  OF THE CITY OF MARYSVILLE  JAIL FOR VIOLATIONS OF PLAINTIFF LANDRY'S EIGHTH AND FOURTEENTH AMENDMENT RIGHTS (UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM  – DENIAL OF MEDICAL TREATMENT- DELIBERATE INDIFFERENCE TO CITY JAIL**

COMPLAINT  - Page 17

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

**PRISONER'S MEDICAL  CONDITION AT THE MARYSVILLE JAIL)**

38.

Plaintiff realleges paragraphs 1 through 37 above.

39.

Prior to June 15, 2015, Defendant Municipal Corporation City Marysville, by and through its Chief policy makers Defendant Jail Chief Mark Thomas and Defendant Jail Supervising Sergeant Chris Jones, developed and maintained policies, and/or ratified practices, or customs, exhibiting deliberate indifference to the constitutional rights of persons incarcerated in the Marysville City Jail, which caused the violations of Plaintiff Landry's rights guaranteed by the U.S. Constitution. Defendant   Jail Chief Mark Thomas was employed by the City Marysville and is  believed to have been the supervising and commanding officer of Defendants City of Marysville Jail  Officers John Does 1 – 50, and Defendant Chris Jones, Marysville Jail Sergeant. Defendant Chris Jones, Marysville Jail Sergeant was employed by the City Marysville County and  is believed to have been the supervising and commanding officer of Defendants City of Marysville Jail  Officers John Does 1 – 50.

40.

At the time of the incident involving plaintiff Landry, it is believed that it was the policy, practice, or custom of City of Marysville to not give sick and injured prisoners medical treatment but instead to put sick and injured prisoners into a padded holding cell where, according to Defendants,  the  sick and injured prisoners would be held so that they would be safe from further injury and illness. At the time of the incident involving plaintiff Landry, it is believed that it was the policy, practice, or custom of City of Marysville  to fail to ensure adequate screening of correctional Marysville Jail officer candidates during the hiring process, or adequate training,

COMPLAINT  - Page 18

supervision, and discipline of Marysville City Jail Officers.  The City of Marysville did not require appropriate in-service training or retraining of officers who violated the Plaintiff's aforementioned rights.  The City of Marysville did not require appropriate in-service training or retraining of officers who were known to have engaged in misconduct by denying medical treatment to jail prisoners and thereby ratified its employees' misconduct.  The City of Marysville did not require appropriate in-service training or discipline for jail officers who tolerated other jail officers denying or delaying  medical treatment to sick or injured jail prisoners.

41.

As a result of the above described policies, practices, and customs, City of Marysville Jail officers, including Defendant officers, City of  Marysville Jail  Officers John Does 1 – 50, Mark Thomas Jail Commander, Chris Jones Marysville Jail Sergeant and believed that their actions or inactions would not be properly monitored by supervisory officers or other City of Marysville supervisory officials and that the Defendant officers' misconduct would not be investigated or sanctioned, but would be tolerated and/or ratified by Defendants Jail Commander Mark Thomas, and/or Marysville Jail Sergeant Chris Jones, and/or Defendant City of Marysville.

42.

The above described policies, practices, and customs of Defendant City of Marysville demonstrated a deliberate indifference on the part of Defendant City of Marysville to the constitutional rights of persons within the City and were a cause of the City's jail employees' failing to provide and/or deny medical treatment to the Plaintiff Sean Landry when he was a prisoner at the Defendant City Marysville's  jail.

43.

COMPLAINT  - Page 19

**KANNIN LAW FIRM P.S.**
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

Plaintiff Landry claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant City Marysville, supervisory Defendant Jail Chief Mark Thomas and supervisory Defendant Jail Sergeant Chris Jones for violations of Plaintiff Landry's U.S. constitutional rights under color of law in an amount to be proven at trial.

**THIRD CLAIM: UNDER 42 U.S.C § 1983 UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM AGAINST DEFENDANT  MARYSVILLE FIRE DISTRICT, A LOCAL GOVT. ENTITY;  DEFENDANT MARTIN MCFALLS, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE Marysville Fire District; DEFENDANT JEFF COLE, IN HIS OFFICIAL CAPACITY AS A DEPUTY CHIEF of the  Marysville Fire District; DEFENDANT  TOM MALONEY, IN HIS OFFICIAL CAPACITY AS A DEPUTY CHIEF of the  Marysville Fire District; DEFENDANT  DARRYL NEUHOFF, IN HIS OFFICIAL CAPACITY AS A DEPUTY CHIEF of the  Marysville Fire District.**
**(UNCONSTITUTIONAL POLICY, PRACTICE OR CUSTOM  – DENIAL OF MEDICAL TREATMENT- DELIBERATE INDIFFERENCE TO CITY JAIL PRISONER'S MEDICAL  CONDITION AT THE MARYSVILLE JAIL)**

44.

Plaintiff realleges paragraphs 1 through 43 above.

45.

Prior to December 15, 2018, Defendant  Marysville Fire District, a local government entity, by and through its Chief policy makers Defendant Fire   Chief Martin McFalls,  and Defendant Deputy Fire Chief Jeff Cole,  Defendant Deputy Fire Chief Tom Malone,  Defendant Deputy Fire Chief Darryl Neuhoff, developed and maintained policies, and/or ratified practices, or customs, exhibiting deliberate indifference to the constitutional rights of persons incarcerated in the Marysville City Jail, which caused the violations of Plaintiff Landry's rights guaranteed by the U.S. Constitution. Defendant Fire   Chief Martin McFalls,  and Defendant Deputy Fire Chief Jeff Cole,  Defendant Deputy Fire Chief Tom Malone,  Defendant Deputy Fire Chief Darryl

COMPLAINT  - Page 20

Neuhoff, were employed by the Marysville Fire District  and are   believed to have been the

supervising and commanding officers of Defendants Marysville Fire District Emergency Medical

Technicians (EMTs) 1-5.

46.

At the time of the incident involving Plaintiff Landry, it is believed that it was the policy,

practice, or custom of Defendant  Marysville Fire District to not give sick and injured prisoners

medical treatment but instead to put sick and injured prisoners into a padded holding cell where,

according to the Marysville  Defendants,  the  sick and injured prisoners would be held so that

they would be safe from further injury and illness. At the time of the incident involving Plaintiff

Landry, it is believed that it was the policy, practice, or custom of Defendant  Marysville Fire

District  to fail to ensure adequate screening of correctional Defendant  Marysville Fire District

officer and EMT candidates during the hiring process, or adequate training, supervision, and

discipline of Defendant  Marysville Fire District Officers, EMTS, and employees.  Defendant

Marysville Fire District did not require appropriate in-service training or retraining of officers

who violated the Plaintiff's aforementioned rights.  The Defendant  Marysville Fire District did

not require appropriate in-service training or retraining of officers who were known to have

engaged in misconduct by denying medical treatment to jail prisoners and thereby ratified its

employees' misconduct.  The Defendant  Marysville Fire District did not require appropriate in-

service training or discipline for jail officers who tolerated other jail officers denying or delaying

medical treatment to sick or injured jail prisoners.

47.

As a result of the above described policies, practices, and customs, Marysville   Fire

COMPLAINT   - Page 21

KANNIN LAW FIRM P.S.
119 SW 152nd Street
Burien, Washington 98166
Tel. (206) 574-0202; Fax. (206) 574-0101
scott@kanninlaw.com

District employees, including Defendants Marysville Fire District Emergency Medical Technicians (EMTs) 1-5 believed that their actions or inactions would not be properly monitored by supervisory officers or other Marysville Fire District supervisory officials and that the Defendant Marysville Fire District EMTs' mistakes and misconduct would not be investigated or sanctioned, but instead would be tolerated and/or ratified by Defendants Defendant Fire Chief M Martin McFalls, and Defendant Deputy Fire Chief Jeff Cole, Defendant Deputy Fire Chief Tom Malone, Defendant Deputy Fire Chief Darryl Neuhoff,, and/or Defendant Marysville Fire District.

48.

The above described policies, practices, and customs of Defendant Marysville Fire District demonstrated a deliberate indifference on the part of Defendant Marysville Fire District. to the constitutional rights of persons within the City of Marysville and Marysville Fire District, and were a cause of the Defendant Marysville Fire District 's employees' failing to provide and/or deny medical treatment to the Plaintiff Sean Landry when the Defendants Marysville Fire District Emergency Medical Technicians (EMTs) 1-5 examined and/or treated Plaintiff Landry when- was a prisoner at the Defendant City Marysville's jail.

49.

Plaintiff Landry claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Marysville Fire District, supervisory Defendant Fire Chief M Martin McFalls, and Defendant Deputy Fire Chief Jeff Cole, Defendant Deputy Fire Chief Tom Malone, Defendant Deputy Fire Chief Darryl Neuhoff,, for violations of Plaintiff Landry's U.S. constitutional rights under color of law in an amount to be proven at trial.

**JURY DEMAND**

COMPLAINT - Page 22

1    The plaintiff respectfully requests trial by jury.

2

3                            **RELIEF REQUESTED**

4        WHEREFORE, the Plaintiff prays for judgment in an amount to be established at trial,

5    including:

6        a. Economic damages to plaintiff against the defendants jointly and severally;

7        b. Non-economic damages to plaintiff against the defendants jointly and severally;

8        c. Reasonable attorney's fees and costs to the plaintiff under 42 U.S.C. § 1988;

9        d. Punitive damages; and

10       e. Such other relief as this court may deem equitable.

11

12       DATED this 13th day of December 2021.

13                                    KANNIN LAW FIRM P.S.

14

15                            By:    _John Kannin_

16                                    John Kannin, WSBA #27315
                                      Attorney for Plaintiff
17

18

19

20

21

22

23

24

25

26   COMPLAINT  - Page 23