THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAN MICHAEL LANDRY, <br><br> Plaintiff, <br><br> v. <br><br> MARK THOMAS, *et al.*, <br><br> Defendants. | CASE NO. C21-1669-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion for partial summary judgment (Dkt. Nos. 12, 19-1 (corrected version).) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS Defendants' motion for the reasons explained below.

I. BACKGROUND

Plaintiff alleges that, while in pretrial detention at the Marysville Municipal Jail, guards ignored his reported medical symptoms and failed to timely summon Emergency Medical Technicians ("EMTs"). (Dkt. Nos. 20-1 at 2–4; 1 at 5–8, 10.) According to Plaintiff, when the EMTs arrived and examined him, they told guards he was healthy, causing the guards to return him to his cell. (Dkt. Nos. 20-1 at 5; 1 at 8–9.) An EMT returned to examine Plaintiff and alerted the guards that he needed medical attention. (Dkt. Nos. 20-1 at 5–6; 1 at 9.) Police transported Plaintiff to the hospital where an examination revealed that he had suffered a series of strokes. (Dkt. Nos. 20-1 at 6; 1 at 9.)

Plaintiff filed this 42 U.S.C. § 1983 lawsuit alleging that Defendants provided inadequate medical care to him while he was detained in the jail, in violation of the Fourteenth Amendment. (Dkt. No. 1 at 15.) He named as Defendants the City of Marysville ("Marysville"), the municipal corporation that operates the jail; and the Marysville Fire District ("Fire District"), the municipal corporation that employed the EMTs. (*Id.* at 4.) Plaintiff also named as Defendants individual employees of each entity. (*Id.*)

Defendants now seek partial summary judgment as to Plaintiff's claims against the Fire District and the individual Fire District employees (together, the "Fire District Defendants"). (Dkt. No. 19-1 at 2.) Defendants also ask the Court to dismiss claims against Defendants Thomas and Jones (the "Marysville Supervisors"). (*Id.*)

Plaintiff agrees to dismiss his claims against two Fire District employees and against the Marysville Supervisors, but asks that summary judgment be denied as to the remaining Fire District Defendants. (Dkt. No. 20 at 2–3.)[1]

## II. DISCUSSION

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts in the light most favorable to the nonmoving party and draw justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that

---

[1] Plaintiff also requests that portions of Defendants' supporting declarations that excerpt or paraphrase Plaintiff's medical records, (Dkt. Nos. 14 at 2, 15 at 2), be stricken as hearsay and for lack of foundation. (Dkt. No. 20 at 2, 11.) On summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Court does not resolve this dispute because the information at issue is unnecessary to resolve the pending motion.

there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Plaintiff's complaint alleges inadequate medical care during confinement under the Fourteenth Amendment. (Dkt. No. 1 at 15.) Ordinarily, there is no affirmative, constitutional duty to provide medical care; neither awareness of a citizen's risk of harm, nor expressing an intention to help, confers such a duty on a government actor. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). Under the special relationship exception, however, an affirmative duty to provide medical care arises when a state "takes a person into its custody and holds him there against his will" such as through "incarceration, institutionalization, or other similar restraint of personal liberty." *Id.* at 199–200. Correspondingly, "[j]ail officials have a duty to ensure that detainees are provided adequate . . . medical care." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018) (citing *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

B.   **Plaintiff's Claims Against the Fire District Defendants**

To establish failure to provide adequate medical care in pretrial detention, a plaintiff must show that the defendant acted with "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (clarifying how Fourteenth Amendment medical care claims differ from Eighth Amendment claims in which a subjective deliberate indifference standard applies). This requires showing that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the

plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* "[A] mere failure to diagnose or prescribe treatment" is insufficient to demonstrate objectively deliberate indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (no liability for doctor who failed to diagnose a hernia).[2]

At most, Plaintiff's evidence shows that the EMTs failed to diagnose him with stroke, and that failure contributed to the jail guards' medical care decisions. (*See* Dkt. Nos. 16 at 2–3, 20-1 at 6.) It does not, however, create an issue of fact as to whether any EMT acted with objective deliberate indifference toward Plaintiff. The EMTs' failure to diagnose Plaintiff's condition does not rise to the level of a constitutional violation, and Plaintiff does not provide facts or case law to suggest otherwise.

Moreover, because Plaintiff provides no facts showing that the EMTs violated his constitutional rights, his claims against the Fire District supervisors also fail. *See Boyd v. Benton Cnty.*, 374 F.3d 773, 780–81 (9th Cir. 2004) (Supervisors are liable for *constitutional violations* in which they are "integral participant[s]," even if the supervisor's individual role does not "rise to the level of a constitutional violation.")

C.      **Plaintiff's Claims Against the Marysville Supervisor Defendants**

Plaintiff "agree[s] to dismiss" his claims against Defendants Thomas and Jones but states he may wish to "revisit" those claims after discovery.[3] (Dkt. No. 20 at 3.) Because the parties

---

[2] *See also Farley v. Capot*, 384 F. App'x 685, 686 (9th Cir. 2010) (no liability for failure to diagnose inmate's abdominal pain); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 525 (9th Cir. 1999) (same).

[3] Plaintiff also agrees to dismiss claims against Maloney and Jones. (Dkt. No. 20 at 3.) Defendants Maloney and Neuhoff are Fire District supervisors, (Dkt. No. 1 at 20), so claims against them are dismissed with prejudice for the foregoing reasons. *See supra* Part II.B. Jones

have not filed a stipulation under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), the Court interprets this as a request to dismiss the claims without prejudice under Federal Rule of Civil Procedure 41(a)(2).

"When ruling on a [plaintiff's] motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Here, Defendants welcome Plaintiff's request to voluntarily dismiss Thomas and Jones. (Dkt. No. 21 at 4.) The Court thus GRANTS Plaintiff's request to dismiss Thomas and Jones without prejudice and DENIES as moot the partial summary judgment motion as to them.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment (Dkt. No. 19-1) and Plaintiff's motion to dismiss Thomas and Jones without prejudice (Dkt. No. 20 at 3) are GRANTED. The Court DISMISSES the claims against all Fire District Defendants (Defendants Martin and Jane Doe McFalls, Jeff and Jane Doe Cole, Tom and Jane Doe Maloney, Darryl and Jane Doe Neuhoff, John Doe EMTs, Jane Doe EMTs, and Marysville Fire District) with prejudice and DISMISSES the claims against Defendants Mark and Jane Doe Thomas and Chris and Jane Doe Jones without prejudice.

DATED this 9th day of June 2022.

                                                                                  John C. Coughenour
                                                                                  UNITED STATES DISTRICT JUDGE

---

and Thomas, however, work for the Marysville Police Department, (Dkt. Nos. 13 at 2, 18 at 2), so claims against them must be considered separately.