THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAN MICHAEL LANDRY,<br><br>                    Plaintiff,<br><br>       v.<br><br>MARK THOMAS, *et al.*,<br><br>                    Defendants. | CASE NO. C21-1669-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for leave to amend the case schedule and complaint. (Dkt. No. 31.) Having considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Plaintiff filed this 42 U.S.C. § 1983 lawsuit on December 13, 2021, alleging that Defendants provided inadequate medical care during his detention, in violation of the Fourteenth Amendment. (Dkt. No. 1 at 15.) The Court entered a scheduling order on April 29, 2022, which set the deadline to amend the complaint to September 9, 2022. (*See* Dkt. No. 23.) On September 9, 2022, the Plaintiff a motion for leave to amend the case schedule and complaint after future information is produced in discovery. (Dkt. No. 25.)

Plaintiff requests to amend their complaint under Federal Rule of Civil Procedure 15. However, when a party moves to amend a pleading after the deadline in the scheduling order, the Court's analysis proceeds in two stages under Federal Rule of Civil Procedure 16. *See Johnson v.*

*Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). First, the Court determines whether there is "good cause" to amend the scheduling order under Rule 16(b)(4). *See id.* If there is not, the inquiry ends, and the motion for leave to amend must be denied. *See id.* If there is good cause to amend the scheduling order, then the Court proceeds to analyze whether the proposed amendment is proper under Rule 15. *See id.* The "good cause" standard focuses primarily on "the diligence of the party seeking the" modification. *Id.* Plaintiff's motion fails to address the Rule 16 standard.

Plaintiff proposes to amend his complaint based on information he expects to learn from discovery requests that were served on the last day to amend pleadings and the same day Plaintiff filed this motion. If this information was so critical, Plaintiff should have requested it earlier, or asked the court to extend the deadline prior to it passing. Moreover, Plaintiff seems to have already possessed all or substantially all the information necessary to amend the pleadings. (Dkt. No. 27 at 3–5.) Good cause "means scheduling deadlines cannot be met despite party's diligence." *Johnson*, 975 F.2d at 609 (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). Therefore, Plaintiff's motion does not provide the Court good cause to modify the case schedule under either Rule 15 or Rule 16.

For the foregoing reasons, the Court DENIES Plaintiff's motion.

DATED this 27th day of September 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE