THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEAN MICHAEL LANDRY,<br><br>                    Plaintiff,<br><br>         v.<br><br>MARK THOMAS, *et al.*,<br><br>                    Defendants. | CASE NO. C21-1669-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 31). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

I.    **BACKGROUND**

The Court stated the facts of this case in a prior order (*see* Dkt. No. 24 at 1–2), and will not restate them here. In that same order, the Court granted Defendants' partial summary judgement motion. (Dkt. No. 24.) All that remained was a single claim against the City of Marysville, (*id.*), who now moves for summary judgement. (Dkt. No. 31.)

II.    **DISCUSSION**

   A.    **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). In making such a determination, the Court must view the facts in the light most favorable to the nonmoving party and draw justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Plaintiff's Remaining Claim Against the City of Marysville

In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). But it may be liable under "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690.

A plaintiff alleging a § 1983 claim may establish a local government's liability by "prov[ing] that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotations omitted).[1] "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes

---

[1] A plaintiff may also establish that an individual with final policy-making authority committed the constitutional tort and therefore the action constituted an act of official governmental policy, or that an official with final policy-making authority ratified a subordinate's unconstitutional act or decision. *See Gillette*, 979 F.2d at 1346–47. That being said, Plaintiff does not allege that Defendant City of Marysville is liable under either theory. (*See generally* Dkt. Nos. 1, 39.)

ORDER
C21-1669-JCC
PAGE - 2

proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette*, 979 F.2d 1346) (noting that, to establish a custom, a plaintiff must show "that his injury resulted from a permanent and well-settled" practice).

Here, Plaintiff argues that the City of Marysville is liable under *Monell* because it "it had a policy of forcing inmates to self-diagnose their medical conditions and of not intervening unless there were objectively observable symptoms of serious medical condition." [2] (Dkt. No. 39 at 12.) However, the Court has previously found, that in this case, the failure to diagnose Plaintiff's condition did not give rise to the level of a constitutional violation, (Dkt. No. 24 at 4), and Plaintiff provides no case law to suggest otherwise. (*See generally* Dkt. No. 39). Instead, Plaintiff urges the Court, in a conclusory fashion, to find the City's alleged policy of relying on inmates' initial self-diagnosis to be a constitutional violation. (Dkt. No. 39 at 13.)

Viewing the facts in the light most favorable to the Plaintiff, and assuming that the standard of care offered to the Plaintiff was, in fact, representative of a broader policy, there is no indication that the City's policy strays from any industry standard level of care, let alone violated Plaintiff's constitutional rights, by relying on an inmate's self-diagnosis to conduct initial triage. In fact, the only evidence before the Court, which the City provided in moving for summary judgment, suggests that any medical system relies heavily on a patient's subjective assessment of their own condition. (Dkt. No. 41 at 4.) For the Court to find otherwise here would lead to an

---

[2] Ordinarily, there is no affirmative, constitutional duty to provide medical care; neither awareness of a citizen's risk of harm, nor expressing an intention to help, confers such a duty on a government actor. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). Under the special relationship exception, however, an affirmative duty to provide medical care arises when a state "takes a person into its custody and holds him there against his will" such as through "incarceration, institutionalization, or other similar restraint of personal liberty." *Id.* at 199–200. Correspondingly, the City of Marysville has "a duty to ensure that detainees are provided adequate . . . medical care." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018).

absurd result, where Department of Corrections' medical staff would be constitutionally required to predict medical maladies before a patient even exhibits observable symptoms. The Court refuses to adopt this position, and finds that Plaintiff's argument fails as a matter of law. Accordingly, where the Court finds no violation of Plaintiff's rights during his treatment by medical staff, and because the alleged policy, as described by Plaintiff, presents no constitutional violation, there is likewise no *Monell* liability against the City of Marysville.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment (Dkt. No. 31) is GRANTED.

DATED this 8th day of March 2023.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE